**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:26-cv-5739

KRISTA ROGERS,

Plaintiff

v.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, an Indiana Corporation,

Defendant

---

DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT, DISTRICT OF COLORADO

Removed From:
District Court, County of Arapahoe, State of Colorado,
Division: 31
Case No. 2026-cv-032469

---

**TO THE UNITED STATES DISTRICT COURT, DISTRICT OF COLORADO, AND TO PLAINTIFF AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant"), by and through its undersigned counsel is effectuating the removal of the above referenced civil action, Case No. 2026-cv-032469, from the District Court, County of Arapahoe, State of Colorado, to the United States District Court for the District of Colorado, based upon: (1) federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, in that Plaintiff Krista Rogers ("Rogers" or "Plaintiff") has asserted a claim for violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 *et seq*; and (2) diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, in that the suit has been brought between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of costs

and interest. The suit is one of a civil nature over which this District Court has original jurisdiction. Pursuant to 28 U.S.C. § 1446(a) and D.C. COLO. LCivR 81.1, copies of all process, pleadings, and orders in the state court file are attached, exhibited, and incorporated herein.

## I. TIMELINESS

1. On September 14, 2026, Plaintiff filed a Complaint and Jury Trial Demand in the District Court, County of Arapahoe, State of Colorado, captioned *Krista Rogers v. The Lincoln National Life Insurance Company* and assigned Case No. 2026-cv-032469. *See* **Exhibits A-F**.

2. On September 22, 2026, Plaintiff filed an Amended Complaint and Jury Trial Demand (the "Complaint" or "Compl."). *See* **Exhibits G-H**.

3. On October 1, 2026, Defendant was served with an Amended Summons and Complaint by personal service on its registered agent, CSC, in Colorado. *See* **Exhibits I-J**.

4. On October 21, 2026, Defendant filed an unopposed Motion for Enlargement of Time to Answer Plaintiff's Amended Complaint seeking to extend the deadline to respond to October 31, 2026, which was granted on October 22. *See* **Exhibits K-N**.

5. The Register of Actions is also attached, showcasing the entire record of the state court case. *See* **Exhibit O.**

6. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

## II. VENUE

7. The United States District Court for the District of Colorado is the proper court to which to remove this action because it is the federal judicial district embracing Arapahoe County, Colorado, the county in which the state court action is pending. *See* 28 U.S.C. §§ 85, 1441(a).

## III. NOTICE

8. Promptly after filing this Notice of Removal, Defendant will provide written notice of the removal to all adverse parties and will file a copy of this Notice with the Clerk of the District Court, County of Arapahoe, State of Colorado, as required by 28 U.S.C. § 1446(d).

## IV. GROUNDS FOR REMOVAL

9. This action is removable on two independent grounds: (1) federal question jurisdiction under 28 U.S.C. § 1331, arising from Plaintiff's ERISA claim; and (2) diversity of citizenship jurisdiction under 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### a. Federal Question Jurisdiction

10. The presence of a federal claim on the face of the Complaint is sufficient to confer federal question jurisdiction and to render this action removable. *See* 28 U.S.C. § 1441(c).

11. Plaintiff's Fourth Claim for Relief is captioned "Violation of ERISA, Wrongful Denial of Benefits Plaintiff v. Defendant (In the Alternative)" and realleges all prior factual allegations, including that Plaintiff was covered by the group disability Plan sponsored by Workday, which included coverage for short-term disability benefits. *See* **Exhibit H** at 5.

12. In support, Plaintiff claims that Defendant was "a claim fiduciary, fiduciary and/or administrator of the Plan, and/or claim administrator, within the meaning of ERISA," that "Defendant was otherwise delegated the authority to administer claims for STD benefits by the Plan," that she met the criteria for STD benefits under the Plan, that Defendant also insures the Plan, that Defendant's dual capacity creates an inherent conflict of interest as a matter of fact and law, and that Defendant improperly denied Plaintiff benefits due under the Plan. *Id.* at 5-6.

13. Plaintiff concludes that Defendant violated ERISA by failing to provide Plaintiff with information necessary to submit a claim for long-term disability benefits, and that Defendant's wrongful conduct has caused Plaintiff damages, including lost STD benefits. *Id.* at 6.

14. Because Plaintiff has asserted a cause of action arising under ERISA, 29 U.S.C. § 1001 *et seq*, this Court has original subject matter jurisdiction under 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(a), as those claims form part of the same case or controversy arising out of the same denial of short-term disability benefits.

**b. <u>Diversity of Citizenship Jurisdiction Is Complete</u>**

15. This Court also has original subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a)(1) as complete diversity exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

*i. Krista Rogers is a Colorado Citizen*

16. Plaintiff Krista Rogers was, at the time of commencement of this action, and is now, "a natural person and citizen of the State of Colorado, with a current address of 1490 Findlay Way, Boulder, Colorado 80305." **Exhibit H** at 1. Plaintiff is therefore a citizen of the State of Colorado for purposes of 28 U.S.C. § 1332.

*ii. The Lincoln National Life Insurance Company is an Indiana Citizen*

17. Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of both its state of incorporation and its principal place of business. Defendant Lincoln National Life Insurance Company was incorporated in the State of Indiana, and its principal contact address is 1301 S. Harrison Street, Fort Wayne, Indiana 46802. Lincoln is not a citizen of the State of Colorado.

*iii. The Amount in Controversy Exceeds $75,000, Exclusive of Interest & Costs*

18. In the Civil Case Cover Sheet filed with the Complaint, certified by Plaintiff's counsel pursuant to C.R.C.P. 11, "the value of [Plaintiff's] claims against one of the other parties is reasonably believed to exceed $100,000," including any penalties or punitive damages, but excluding attorney fees, interest, and costs. **EXHIBIT G** at 2**.**

19. Plaintiff also seeks past and future economic damages; non-economic damages, bad-faith damages; treble damages, and statutory damages. **EXHIBIT H** at 6.

20. Based on Plaintiff's certification and the scope of the damages sought, the amount in controversy in this action substantially exceeds $75,000, exclusive of interest and costs.

## V. CONCLUSION

**WHEREFORE**, Defendant The Lincoln National Life Insurance Company hereby removes the above-captioned action, Case No. 2026-cv-032469, from the District Court, County of Arapahoe, State of Colorado, to the United States District Court for the District of Colorado, and requests that this Court assume full jurisdiction over this matter as provided by law.

By filing this Notice of Removal, Lincoln does not waive any defenses, objections, or motions available to it under federal or state law, including but not limited to any challenge to personal jurisdiction, sufficiency of process, or the legal sufficiency of the Complaint.

DATED: November 2, 2026

Respectfully submitted,

By: *_/s/ Andrew W. Bagley_*

Andrew W. Bagley
CROWELL & MORING LLP
600 Fifth Avenue, N.W.
Washington, DC 20001
Tel: (202) 624-2672
Email: ABagley@crowell.com

*Attorney for Defendant*
*The Lincoln National Life Insurance Company*

## CERTIFICATION OF SERVICE

I, Andrew W. Bagley hereby certify that on this day a true and correct copy of the within Notice of Removal to United States District Court, District of Colorado, and all attachments thereto, were served upon counsel for Plaintiff via electronic service through the eCourts system, addressed as follows:

Thomas A. Bulger, Reg. #29390
Silvern & Bulger, P.C.
363 South Harlan Street, Suite 205
Lakewood, Colorado 80226
Phone Number: 303-292-0044
Fax Number: 303-292-1466
e-mail: counsel@silvernbulger.com

*Attorney for Plaintiff, Krista Rogers*

DATED: November 2, 2026

By: /s/ Andrew W. Bagley

Andrew W. Bagley
CROWELL & MORING LLP
600 Fifth Avenue, N.W.
Washington, DC 20001
Tel: (202) 624-2672
Email: ABagley@crowell.com

*Attorney for Defendant*
*The Lincoln National Life Insurance Company*