# EXHIBIT D

| | |
|---|---|
| **DISTRICT COURT, ARAPAHOE COUNTY, COLORADO**<br>**7325 South Potomac Street**<br>**Centennial, Colorado 80112** | DATE FILED<br>September 14, 2026 3:40 PM<br>CASE NUMBER: 2026CV32469 |
| **Plaintiff(s): ROGERS, KRISTA**<br><br>**v.**<br><br>**Defendant(s): METROPOLITAN LIFE INSURANCE COMPANY** | ▲ COURT USE ONLY ▲<br><br>**Case Number: 26CV32469**<br><br>**Courtroom 31** |
| **DIVISION 31 ORDER RE: CASE MANAGEMENT MATTERS AND DISCOVERY PROTOCOL** | |

This Pretrial Order and Discovery Protocol shall apply to each case assigned to Division 31 of the Arapahoe County District Court. Counsel and any *Pro Se* parties are expected to familiarize themselves with the content of this Order and all its requirements. Questions regarding the content or interpretation of this Order should be raised before trial. This Order supplements the Delay Reduction Order also issued in this case. A separate Division 31 Order Re: Pre-Trial Management Matters will be issued approximately 91 days (13 weeks) before trial.

Plaintiff(s) shall serve copies of this Pretrial Order on any *Pro Se* Parties in accordance with C.R.C.P. 5, and file a Certificate of Service with the Court within 14 days of the date thereof. In the event of any conflict between this Pretrial Order and C.R.C.P. 16 (or 16.1 where applicable) or 121, this Order shall govern.

## PROFESSIONALISM AND COURTROOM ETIQUETTE

**Attorneys and Parties:** The Oath of Admission all attorneys licensed to practice in Colorado have sworn or affirmed to uphold includes the following:

- I will treat all persons whom I encounter through my practice of law with fairness, courtesy, respect and honesty.
- I will use my knowledge of the law for the betterment of society and the improvement of the legal system.
- I will at all times faithfully and diligently adhere to the Colorado Rules of Professional Conduct.

Consistent with the Oath, this Court strives for this courtroom to be one where all litigants, witnesses, and counsel feel welcome and respected. In that regard, counsel are invited and encouraged to identify the applicable pronouns of counsel, litigants, and witnesses at the earliest juncture possible. This may be done in an initial signature block, in person or via WebEx at a conference or hearing, or in a witness list. Should the wrong pronoun be used, counsel are encouraged to bring that to the Court's attention at the time, or through a subsequent email to Division 31 (copied to all other counsel).

All parties should observe the following courtroom decorum:

- Stand when the Judge enters or leaves the courtroom, when addressing the Court, and when the jury enters or leaves the courtroom.

- Request permission to approach the bench or a witness.

- Address the Judge as "Your Honor".

- Refer to all other persons by their surnames, prefaced by the individual's title, e.g., Doctor, Agent, Officer, etc., and applicable pronouns.

All counsel and parties will be expected to strictly adhere to C.R.C.P. 1 and its directive that the Colorado Rules of Civil Procedure "shall be liberally construed, administered, and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action."

***Pro Se* (Self-Represented) Parties:** All parties that represent themselves and are not attorneys are bound to abide by this Order, the Colorado Rules of Civil Procedure, and the laws of the State of Colorado in the same manner as attorneys, and you (just like all attorneys) must exhaustively CONFER with the other party(ies) or their counsel before asking the Court for relief. Should you need assistance, you may find the following resources to be helpful:

- The Colorado Judicial Branch website, Self Help tab, found at: www.courts.state.co.us. Forms can be found on this same website at: www.courts.state.co.us/Forms/Index.cfm.

- If you have specific questions there is a SELF-HELP CENTER in this courthouse at 7325 S. Potomac Street, Centennial, Colorado 80122, in Courthouse II, Room 131 (303.645.6845).

- The Arapahoe County Bar Association also has some resources listed on its website at: https://www.arapahoecountybar.org/.

- The "checkerboard" website, found at: https://checkerboard.co/.

**Conferral Requirement:** This Court will strictly enforce the conferral requirements in the Colorado Rules of Civil Procedure, including those found at C.R.C.P. 121, §1-15(8), as

well as the conferral regarding Rule 12 motions set forth elsewhere in this Order. This Court requires that the parties confer in good faith before filing *any and all* motions. A good faith conferral includes allowing sufficient time for a meaningful discussion to occur *before* a motion is filed.

**Professionalism in Motions and Other Court Filings:** The Court implores counsel to avoid impugning the integrity of the opposing attorneys and litigants in any written filings with the Court. Doing so does *not* help your client's cause; instead, it detracts and distracts from the merits of your position. The Court also asks that counsel think twice before asking for attorney's fees in conjunction with the argument that the opposition's position/argument is frivolous, groundless, or vexatious. Rare is the case where a position/argument is truly frivolous, groundless, or vexatious.

## PRETRIAL CASE MANAGEMENT

**Replevin and FED Cases:** In any replevin or FED matter, proof of service on Defendant(s) must be filed at least 48 hours PRIOR to a scheduled hearing on possession. If proof of service is not filed at least 48 hours prior to the hearing, the hearing is subject to being vacated and reset.

**Default:** Application for entry of default under C.R.C.P. 55(a) must be filed within 35 days after default has occurred.

If a Defendant is in default, a motion for entry of default judgment under C.R.C.P. 55(b) must be filed with the application for entry of default. Motions for entry of default judgment must comply with C.R.C.P. 121 § 1-14. Reasonable inquiry regarding a person's military status requires confirmation through the Department of Defense's Servicemembers Civil Relief Act website (https://scra.dmdc.osd.mil) or equivalent confirmation.

**Settings for Case Management Conference, Trial and Trial Management Conference in All Cases:** Within 28 days of the case being at issue, the Responsible Attorney, as defined in C.R.C.P. 16(b)(2), must set the Case Management Conference, Trial, and Trial Management Conference by emailing Division 31 at 18division31@judicial.state.co.us and requesting dates. (Note: this is a shorter timeframe than would otherwise be required by C.R.C.P. 16.1(g)). The Responsible Attorney must include all other counsel that have entered their appearance, and any *pro se* parties as cc's on the email.

A case is "at issue" when: (a) all parties have been served and have filed all pleadings permitted by C.R.C.P. 7; or (b) defaults or dismissals have been entered against all non-appearing parties; or (c) at such other time as the Court directs.

No case will be set for trial for more than 5 days without prior approval of the Court. The Division Clerk shall set the case for trial. The Division Clerk shall set the Case Management Conference within 49 days of the at issue date. The Trial Management Conference will be scheduled at least 2 weeks before the first day of trial. The Responsible Attorney must correspond with counsel and any *pro se* parties to select from the dates offered by the Division Clerk for the Case Management Conference, Trial, and Trial

Management Conference. Within 2 business days of the Division Clerk offering dates, the Attorney responsible must email Division 31 of the selected dates that clear on the calendars of counsel and any *pro se* parties, or the Court will select the dates most convenient for its docket. **This Court adheres to the provisions of Chief Justice Directive (CJD) 08-08 which requires that 90% of all civil actions filed shall be concluded within one year of filing.**

Within 2 business days of notifying the Division Clerk of the selected dates, the Responsible Attorney shall file a Notice of Trial, Trial Management Conference, and Case Management Conference.

**Pleadings:** C.R.C.P. 8 and 12 will be enforced in all regards, and in particular with respect to all Claims for Relief, Defenses, and Forms of Denial. The Court takes seriously the following excerpts from Comment 1 to C.R.C.P. 12:

- "The practice of pleading every affirmative defense listed in C.R.C.P. 8(c) irrespective of a factual basis for the defense, is improper under C.R.C.P. 11(a)."

- "The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

- "To the extent a defendant does not have sufficient information under Rule 11(a) to plead a particular affirmative defense when the answer must be filed but later discovers an adequate basis to do so, the defendant should move to amend the answer to add the affirmative defense."

The Court reminds counsel of R.P.C. 3.1, which provides, in pertinent part:

> A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.

**Motions to Dismiss (C.R.C.P. Rule 12):** The remedy for many, if not most, Rule 12 motions is amendment of the complaint pursuant to C.R.C.P. Rule 15(a). Accordingly, Rule 12 motions shall in the certificate of conferral required by C.R.C.P. Rule 121, 1-15 (8) state with specificity that the parties have discussed amendment of the complaint and the reason not to allow it; the failure to follow this procedure may result in the immediate denial of the motion. If Plaintiff, Counterclaimant or Cross-claimant believes that amending their pleading should obviate a Rule 12 Motion, then that party must seek to do so by no later than the date they file their Response to the Rule 12 Motion, as opposed to reserving the right to do so in

their Response (which violates the prohibition on including a motion within a Response or Reply found in C.R.C.P. 121 § 1-15(1)(d)).

**Cases filed under C.R.C.P. 16.1:** No later than 49 days after the case is at issue, the Plaintiff (or the Responsible Attorney) must file a Certificate of Compliance as required under C.R.C.P. 16.1(h). No Case Management Order or Case Management Conference is required unless any party appears *pro se*, in which case an in-person Case Management Conference is required. The Responsible Attorney, if there is one, shall email the Division to schedule this Conference. If there is no Responsible Attorney, then the *pro se* Plaintiff is responsible to schedule this Conference.

**Cases NOT filed under C.R.C.P. Rule 16.1:**

**Case Management Conference:** Case Management Conferences take place via WebEx in all cases governed by C.R.C.P. 16. The setting of the Case Management Conference shall be handled in the manner specified above in the section addressing "Settings". At the Case Management Conference, counsel should anticipate that the Court will inquire about the nature and basis of the claims and defenses, the proportionality factors, ESI, the adequacy of the opposition's Initial Disclosures pursuant to C.R.C.P. 26(a)(1), the Discovery Protocol Order set forth below, and any other case management issues that may arise. In the event the trial and Trial Management Conference have already been set, and all parties are represented by counsel and all counsel request within the proposed Case Management Order that the Court can dispense with the Case Management Conference because there appear to be no unusual issues, that counsel appear to be working together collegially, and the information in the proposed Case Management Order appears to be consistent with the best interests of all the parties and is proportionate to the needs of the case, **the Court *may* vacate the Case Management Conference**. In cases in which one or more parties are *pro se*, the Court requires that an in person Case Management Conference take place in Division 31.

**Case Management Order:** No later than 7 days before the Case Management Conference, the parties shall file, **in an editable format**, a proposed Case Management Order that fully complies with C.R.C.P. 16. Since the trial date will already be set, the proposed Case Management Order shall include specific dates for all deadlines, e.g., "May 1, 2024", rather than "49 days before trial". The proposed Case Management Order shall specify that the discoverable portions of expert witness files shall be produced, without further request, no later than 7 days after the expert's opinions are disclosed.

**Continuances:** C.R.C.P. 121, §1-11 states that all motions for continuance or requests for extension of time will not be considered without a certificate that a copy of the motion has also been served upon the moving attorney's client. This Court will deny any motion for continuance or request for extension of time that fails to include a certificate either in the body of the motion or in the certificate of service that a copy has been sent to the moving attorney's client. This requirement applies regardless of whether the motion is unopposed or opposed, and regardless of what deadline is sought to be extended.

**Dispute Resolution:** No later than 35 days after the case is at issue, the parties shall discuss the possibility of a prompt settlement or resolution of the case using Alternative Dispute Resolution (ADR).

No later than 42 days after the case is at issue, **the parties shall file a "Stipulated Plan Regarding Settlement"** which shall identify the ADR provider, and a date certain when the services shall be provided. The parties may consider using the services of the Office of Dispute Resolution (ODR) (www.ColoradoODR.org; 720-625-5940), or a private mediation service.

The Court strongly urges the parties to arrange for the people with authority to agree to all material terms of a settlement/resolution to be present, in person or virtually, for the mediation. However, the Court will not prophylactically order a particular person or representative to attend mediation, in person or virtually.

To facilitate the parties being prepared to participate in mediation, the Court requires the parties to file a Status Report Addressing State of Mediation Preparedness no later than 14 days before mediation.

The parties are required to **certify in their proposed Trial Management Order** that they have complied with this part of this Order. Failure to comply may result in sanctions, including without limitation, the trial date being vacated.

**Related Cases:** Parties shall file a Notice of Related Case with the Court, identifying the case number and county of origin and state whether consolidation is appropriate within 35 days after the case is "at issue".

**Use of Artificial Intelligence ("AI") to Assist with Drafting:** If AI is used to assist in drafting of any portion of a pleading, motion or other legal paper filed with the Court, the filing party **must** include a description of which portion or portions of the filing were drafted with the assistance of AI.

## TRIAL PREPARATION

The Court will issue the Division 31 Order Re: Pre-Trial Management Matters 13 weeks (91 days) before trial advising of this Court's trial management requirements.

## OTHER MSCELLANEOUS MATTERS

**Discovery Procedures.**[1] Discovery in all cases will be subject to the provisions of the Court ordered Discovery Protocol attached hereto.

[1] This Court applies *The Sedona Principles for Electronic Document Production* and advises counsel to be familiar with the practices and procedures it sets forth. *See* https://thesedonaconference.org/publications.

**Extending Deadlines.** The Court has no objection if the parties agree to extend deadlines without a written Order, but recommends the parties keep written records of such agreements. The parties shall file a Notice with the Court advising of any agreements to extend deadlines relating to the timing of filing motions, responses, and/or replies.

**Settlement.** The parties are mutually obligated to e-file a Notice of Settlement within 24 hours of settlement or resolution of their case. It is not productive for the Court to expend unnecessary time and effort on pending matters that are rendered moot by settlement between the parties. Parties shall file a Notice or Stipulation of Dismissal Due to Settlement within 28 days from the date of settlement, unless otherwise ordered by the Court.

**Electronic Filing.** The parties are advised that filings made after regular business hours are typically unable to be seen by the Judge until the morning of the next business day.

**Citation to Unpublished Caselaw.** The Court *does* have access to Westlaw but *not* Lexis. If counsel cites unpublished caselaw, they should provide the Westlaw cite or attach the authority as an exhibit to the filing.

## DIVISION 31 ORDER RE: DISCOVERY PROTOCOL

The following discovery protocols shall guide all counsel in their conduct of written and oral discovery in this case. This Order is meant to supplement C.R.C.P. 16 and/or 16.1 and to be read in conjunction with those rules.

Counsel are reminded that all discovery responses shall be made in the spirit and with the understanding that the purpose of discovery is to elicit facts and to get to the truth. The Rules of Civil Procedure are directed toward securing a just, speedy, and inexpensive determination of every action. The discovery process shall not be employed to hinder or obstruct these goals nor to harass, unduly delay or needlessly increase the cost of litigation.

These discovery protocols shall be considered as part of the responsibility of parties and counsel to comply with the Rules of Civil Procedure relating to discovery.

## DISCOVERY DISPUTE PROTOCOL

**This Court does *NOT* permit written discovery motions absent Court Order.**

Should the parties have a discovery dispute, they shall email Division 31 at 18division31@judicial.state.co.us to request a hearing to be conducted via WebEx to address the dispute. The Court considers disputes involving nonparty subpoenas, motions for protective order, and motions to quash or compel to be discovery disputes that must be resolved using this protocol. The Court understands that prompt resolution of such disputes is important to the parties so will endeavor to conduct the hearing within 3 business days of being contacted. Except for disputes regarding a deposition taking place at the time the Court is contacted, the parties shall submit a **Joint Position Statement**, not longer than 3 pages total, single-spaced, apprising the Court of the nature of the dispute, due no later than

4 pm Mountain Time two work days before the hearing *unless instructed otherwise*. If the parties wish to reference legal authority, they will need to do so within the page limitation. If the dispute involves written discovery, the parties shall attach to the Joint Notice the pertinent excerpts of the discovery and responses, which attachments shall not count against the page limitation. If the dispute involves oral discovery, the parties shall attach and highlight, if a transcript is available, the pertinent excerpts thereof.

## WRITTEN DISCOVERY

The parties should refrain from interposing repeated boilerplate type objections such as "overbroad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence" and other similar objections. In the event any such objections are made, they shall be followed by a clear and precise explanation of the legal and factual justification for raising such an objection. Additionally, if the objecting party otherwise responds to the discovery request but does so subject to or without waiving such an objection, that party shall describe with reasonable specificity the information which may be available, but which is not being provided as a result of the objection raised.

When a responding party claims not to understand either a discovery request or the meaning of any words or terms used in a discovery request, that party shall, within 14 days of receiving the discovery request, seek clarification of the meaning from counsel who served the discovery. A failure to seek such clarification shall be considered a violation of this Order for Discovery Protocol.

A discovery response which does not provide the information or material requested but promises to do so at some point in the future will be treated as the equivalent of no response unless the party so responding provides a specific reason for the information not being produced as required by the Rules of Civil Procedure, and also provides a specific date by which such information will be produced.

A response to a discovery request that does not provide the information or material requested but rather states that the party is continuing to look for or search for such information or material will be treated as the same as no response unless that party provides a clear description of where such information or material is normally located, who is normally in custody of such information or material, where the party has searched, the results of the search, as well as the identity of all persons who have engaged in such a search. The responding party shall also provide a clear explanation of the ongoing search and a specific date by which the search will be complete.

Whenever a party objects to discovery based upon a claim of attorney/client privilege, work product protection or any other privilege or protection, that party shall produce a detailed privilege/protection log that includes at least the following for each such item for which privilege is claimed:

- The information required by C.R.C.P. 26(b)(5);
- The date of the information or material;

- All authors and recipients; and
- The specific privilege or protection which is claimed.

The proponent of the privilege has the burden of establishing that privilege.

## DEPOSITIONS

Depositions shall be conducted in compliance with the Colorado Rules of Civil Procedure.

During all depositions, counsel shall adhere strictly to C.R.C.P. 30(d)(1) and (3). No objections may be made, except those which would be waived if not made under C.R.C.P. 32(d)(3)(B) (errors, irregularities), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the Court, or to present a C.R.C.P. 30(d)(3) motion (to terminate a bad faith deposition). Objections to form shall be stated: "Objection as to form." Any further explanation is inappropriate and prohibited unless specifically requested by the attorney asking the question.

**THERE SHALL BE NO SPEAKING OBJECTIONS**. It is inappropriate and prohibited for an attorney, during the course of questioning, to advise a witness to answer, "if you know," or "if you remember." It is similarly prohibited for an attorney during questioning to advise a witness not to speculate. All such questions shall be considered speaking objections. All deponent preparation shall be conducted prior to the commencement of the deposition and shall not take place during the course of the deposition.

It is appropriate for the deponent to request clarification of a question. However, it is not appropriate for counsel to do so.

A deponent and an attorney may not confer during the deposition while questions are pending. Similarly, neither a deponent nor counsel for a deponent may interrupt a deposition when a question is pending or a document is being reviewed, except as permitted by C.R.C.P. 30(d)(1).

**Counsel shall refrain from excessive objections that have the purpose or effect of disrupting the flow of questioning or the elicitation of testimony**.
Counsel may instruct the deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the Court, or to present a motion under C.R.C.P. 30(d)(3). Whenever counsel instructs a witness not to answer a question, counsel shall state on the record the specific reason for such an instruction, the specific question, part of a question or manner of asking the question upon which counsel is basing the instruction not to answer the question.

**DISCLOSURE REQUIREMENTS FOR EXAMINATIONS CONDUCTED PURSUANT TO C.R.C.P. 35 AND SPECIALLY RETAINED HEALTHCARE EXPERTS**

In accordance with this Court's authority to control the manner, conditions and scope of any Rule 35 Examination and to order disclosures pursuant to C.R.C.P. 26(a) and 35(a):

1. A party being examined pursuant to C.R.C.P. 35 will be permitted to audio record the examination.

2. If a Rule 35 witness uses a questionnaire, it must be provided to counsel for the person to be examined no later than 3 business days before the examination.

3. If a specially-retained healthcare expert utilizes a questionnaire, that questionnaire shall be disclosed with the disclosure of that expert's opinions.

4. Each Rule 35 witness and specially retained expert witness shall sign and produce an Affidavit attesting to the witness' good faith estimate, over the last 5 years of:

    a. The approximate percentage of work devoted to clinical practice versus litigation; and

    b. The approximate percentage of time testifying on behalf of plaintiffs versus defendants.

**SO ORDERED Monday, September 14, 2026**.

BY THE COURT:

____________________________

Thomas W. Henderson
District Court Judge