# EXHIBIT H

| | |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE COLORADO<br>Court address: 7325 South Potomac Street<br>Centennial, Colorado 80112 | DATE FILED<br>September 22, 2026 10:57 AM<br>FILING ID: C1D6B3B5AD5E5<br>CASE NUMBER: 2026CV32469 |
| **Plaintiffs: KRISTA ROGERS**<br><br>v.<br><br>**Defendant: THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** | |
| Attorney for Plaintiff:<br>Thomas A. Bulger, Reg. #29390<br>Silvern & Bulger, P.C.<br>363 South Harlan Street, Suite 205<br>Lakewood, Colorado 80226<br>Phone Number: 303-292-0044<br>Fax Number: 303-292-1466<br>e-mail: counsel@silvernbulger.com | Case No.: 2026cv32469<br><br>Div.: 31 |
| **AMENDED COMPLAINT AND JURY TRIAL DEMAND** | |

COMES NOW the Plaintiff, Krista Rogers, by and through her undersigned counsel, Thomas A. Bulger, of Silvern & Bulger, P.C., and respectfully submits this Amended Complaint and Jury Trial Demand as follows:

## PARTIES

1. Plaintiff, Krista Rogers, is a natural person and citizen of the State of Colorado, with a current address of 1490 Findlay Way, Boulder, Colorado 80305.

2. Defendant, The Lincoln National Life Insurance Company ("Defendant Lincoln") is a corporation and/or similar business entity which regularly conducts business in the State of Colorado. The Defendant's registered agent for service of process is the Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado 80120-2023. Upon information and belief, Defendant is a citizen of the State of Indiana, where it is incorporated and/or headquartered.

## JURISDICTION AND VENUE

3. Pursuant to the C.R.C.P. and/or other applicable case law, this Court has jurisdiction over Plaintiff's claims for disability benefits which arose out of a contract of insurance, and breach thereof, which occurred in the State of Colorado.

4. Pursuant to C.R.C.P. 98, venue is proper in this Court because the Defendant maintains a registered agent for service of process therein.

## STATEMENT OF THE FACTS

5. Plaintiff incorporates and realleges by reference the previous paragraphs of this Complaint.

6. At all pertinent times, Plaintiff was employed by Workday, Inc. ("Workday") as a principal researcher, and was an active, full-time employee. She therefore satisfied all eligibility requirements for, and was a "participant" in the group benefit programs offered by Workday.

7. Workday offered employees various benefits, including paid salary continuation benefits (i.e., short-term disability) and long-term disability benefits.

8. Beginning in or around 2024 Plaintiff started to experience multiple health issues, including but not limited to hypoxia and other complications developed after a surgery for thyroid cancer.

9. These issues forced Plaintiff to take off time for work for several months, until she was eventually able to begin a trial return to work on a part-time basis.

10. In or around April/May 2026 Plaintiff's residual issues prevented Plaintiff from continuing to work.

11. As the aforementioned conditions prevented her from working on a full-time and regular basis, and from performing some of the other material requirements of her own and/or other comparable occupation, Plaintiff applied to the Plan, through Defendants, for salary continuation benefits, beginning on or about April 3, 2026.

12. Plaintiff was approved for FMLA leave at that time.

13. Defendant denied Plaintiff's STD claim on or about June 30, 2026.

14. Thereafter, Plaintiff timely submitted the formal 30-day appeal required by the Plan document and requested a review of her claim. Plaintiff provided additional medical documentation and other information in support of her claim, including reports from her treating physicians.

15. Defendant refused to reverse its, and issued a final denial of her STD claim on or about August 19, 2026.

16. Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

17. Plaintiff has requested information necessary to submit a long-term disability claim.

18. To date, Defendant has not provided this information.

**FIRST CLAIM FOR RELIEF: BREACH OF INSURANCE CONTRACT**

19. Plaintiff incorporates and realleges by reference the previous paragraphs of this Complaint.

20. At all pertinent times, Plaintiff was insured by Defendant, including for STD benefits subject to Colorado law and pursuant to a valid contract or insurance.

21. Upon information and belief, said benefits are not governed by the Employee Retirement Income Security Act of 1974.

22. Plaintiff timely made a claim to Defendant for said STD benefits.

23. Defendant has failed to tender STD benefits due and owing under the policy, and/or delayed payment of said benefits for several months without basis in fact or law.

24. Defendant has breached its insurance contract with Plaintiff as a result, as Plaintiff was and is disabled as defined by the policy.

25. Plaintiff has had injuries, damages and losses as a result, including but not limited to increased financial stress and emotional upset, and incurred significant debt.

26. The Defendant's conduct was a cause of the Plaintiff's injuries, damages and losses as alleged herein.

**SECOND CLAIM FOR RELIEF: BAD FAITH BREACH OF INSURANCE CONTRACT**

27. Plaintiff incorporates and realleges by reference the previous paragraphs of this Complaint.

28. Defendant's denial of STD is without reasonable basis and Defendant has acted with knowledge thereof, and/or in reckless disregard of such fact, and has therefore acted in bad faith.

29. Defendant has engaged in a pattern of wrongful and bad faith claim handling, including but not limited to:

A. The unreasonable failure to pay benefits as set forth above;

B. Forcing Plaintiff to initiate litigation to obtain benefits;

C. Failing to conduct a full and fair review;

D. Insisting on levels of proof contrary to the policy and/or law;

E. Failing to consider all of the available medical and other information; and/or

F. Otherwise acting unreasonably under the circumstances, including failing to consider all credible evidence of impairment submitted.

30. Defendant has further acted in bad faith by failing to open an LTD claim, and/or unreasonably delaying that application.

31. Plaintiff has had injuries, damages and losses as a result.

32. The Defendant's conduct was a cause of the Plaintiffs' injuries, damages and losses as alleged herein.

**THIRD CLAIM FOR RELIEF: STATUTORY DAMAGES PURSUANT TO C.R.S. §10-3-1115 AND 1116**

33. Plaintiff incorporates and realleges by reference the previous paragraphs of this Complaint.

34. Defendant's denial and/or delay in the payment of STD benefits is unreasonable and therefore violates the provisions of C.R.S. §10-3-1115 and 1116, and/or other Colorado law.

35. Plaintiff therefore seeks twice the covered benefits delayed and/or denied, as well as all other relief authorized by law including interest, attorney fees and costs.

36. Defendant's wrongful conduct includes, but is not limited to, the acts set forth herein.

**FOURTH CLAIM FOR RELIEF:**
**VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS**
**PLAINTIFF V. DEFENDANT (IN THE ALTERNATIVE)**

37. Plaintiff incorporates and realleges by reference the previous paragraphs of this Complaint.

38. At all pertinent times, Plaintiff was covered by the group disability Plan sponsored by Workday, which included coverage of STD benefits, as set forth above.

39. Plaintiff does not believe, as a matter of law, that Plan is subject to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1132 *et seq.*

40. However, **and in the alternative,** at all pertinent times Defendant was a claim fiduciary, fiduciary and/or administrator of the Plan, and/or claim administrator, within the meaning of ERISA.

41. Defendant was otherwise delegated the authority to administer claims for STD benefits by the Plan.

42. At all pertinent times, Plaintiff met the criteria for STD benefits under the Plan including that she was unable to perform the functions of her own and/or any other occupation, and provided reasonable documentation (medical or otherwise) of that fact.

43. Upon information and belief, Defendant also insures the Plan.

44. Defendant's dual capacity creates an inherent conflict of interest as a matter of fact and law.

45. Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

46. Defendant's wrongful conduct includes, but is not limited to:

A. Failing to consider all pertinent medical information, including but not limited to the opinions of the Plaintiff's treating physicians;

B. Failing to provide an adequate review and appeal;

C. Failing to act in Plaintiff's best interests;

D. Failing to consider credible evidence of functional impairment;

E. Failing to reasonably interpret and apply the terms of the Plan; and

F. Failing to conduct a reasonable investigation.

47. Defendant has further violated ERISA by failing to provide Plaintiff with information necessary to submit a claim for LTD.

48. Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost STD benefits.

## **DAMAGES**

49. The Defendant's above-alleged wrongful conduct caused the injuries and damages to the Plaintiff, including but not limited to the delay in payment of all benefits due and owing under the contract; past and future economic damages, including but not limited to the aforesaid delay; past and future non-economic damages, including but not limited to inconvenience, emotional stress, anxiety, loss of enjoyment of life; impairment of the quality of life; and any and all other consequential losses arising from Defendant's wrongful conduct as provided by law.

50. Plaintiff seeks additional damages for Defendant's bad-faith refusal to honor its contractual obligations, including for additional pain and suffering, stress, anxiety, inconvenience and all other consequential losses caused by Defendant.

51. Plaintiff seeks additional damages as authorized by law, including but not limited to costs, attorney fees and interest under Colorado law.

## LEAVE TO AMEND

52. Plaintiff respectfully requests leave to amend this Complaint to add or delete any claims or parties after discovery reveals the facts regarding same, including but not limited to a claim for exemplary damages.

WHEREFORE, Plaintiff respectfully requests damages against the Defendant, individually, jointly, and/or severally as follows:

A. Compensatory damages as proven, including but not limited to insurance benefits, emotional upset, financial stress, anxiety and the like.

B. Costs of suit according to law, including but not limited to expert witness fees.

C. Attorney fees according to law for attorney time expended as a result of any frivolous position which may be taken by Defendant, or on its behalf, during the course of this litigation, including but not limited to groundlessly denying negligence, or asserting any substantially groundless affirmative defense.

D. Interest pursuant to C.R.S. §13-21-101 and/or other provision of law.

E. Statutory damages for unreasonable breach of insurance contract including treble damages, attorney fees, costs and interest.

F. Payment of STD benefits to the Plaintiff, including payment of any and all back-due benefits, and an Order directing Defendant to immediately provide information necessary to open an LTD claim.

G. Any and all relief authorized by Colorado law, including but not limited to benefits, reinstatement, attorney fees, costs and interest.

H. Such other and further relief as the Court deems fit.

## JURY DEMAND

Plaintiffs respectfully demand TRIAL BY A JURY OF SIX (6) in the above cause, on all issues so triable.

Respectfully submitted this 22nd day of September, 2026.

SILVERN & BULGER, P.C.

*s/Thomas A. Bulger*
Thomas A. Bulger
*Attorney for Plaintiff*

Plaintiffs' address:
1490 Findlay Way
Boulder, Colorado 80305